Good morning, Your Honors. May I please the Court, my name is Steve Chang, representing our petitioner in this case. This Court ordered Favis to discuss the impact of two cases on our petitioner's case, one being a 2006 BIA case, a matter of Hwang Lee Foo, and another case being a 9th Circuit opinion, 2010, Kyung Ho Shin v. Holder. We'd like to talk about the BIA case, 2006 Hwang Lee Foo case. Just like the petitioner's case, Hwang Lee Foo clarified that even though you are not being charged with the fraud itself on NTA, still you'll be able to request for the waivers if that inadmissibility came from the initial fraud. In this case, the petitioner's mother's alleged misrepresentation resulted in limobility for the petitioner's initial, saying that the petitioner's initial entry was entered without a valid immigrant visa. Now, right now, Susan Favis' petitioner's mother's case is in front of an immigration judge for the adjustment of status that subsequent to the initial limobility proceeding in front of the immigration judge. Let's just kind of play that out a little bit. This is based on the marriage to the third husband. And if she's successful there, she would get a regularized status, correct? That's correct, Judge. But at that point, her son would have a qualifying relative. He would have a qualifying relative? Yes, Judge. But how old is he now? I mean, where does he fit in, then, if she gets her status through that as opposed through before? Yes, if I may. If she gets a lawful permanent residency through this marriage, then Christian would be able to request 237-A1H waiver based on there is a qualifying relative as a mother of the petitioner. Okay. And can he request that having been in the country, assuming he came in with her and she came in fraudulently, can he still request that being in the country? That's my question. Yes, Judge. Okay. Okay. So in terms of a quantified case, that if case is remanded back, then Christian will be able to avail himself for 237-A1H waiver. If she doesn't become successful, then we have another issue. That's correct, Judge. Are you representing Susan in the... Yes, I am, Judge. How far along is this proceeding in which she's seeking adjustment of status? Right now, actually, this case is set for July 22nd for final merits hearing for Susan Favre's case. And immigration judge is aware of petitioner's case. And throughout the proceeding, judges, triathletes, and everybody was so sympathetic to Christians that they thought erroneously that Christian need to be charged as a fraud to avail himself for 237-A1H waiver. However, that was not true because Guanglin Fu clarified that even if you are not actually charged as fraud, as long as your inadmissibility ground was based upon that initial fraud, then you could avail yourself. But if she is not successful, he falls short on the 10 years continuous presence for cancellation of removal, can you get a waiver to have a short extension to get you to 10 years? No, Your Honor. So in that situation, just in case Susan Favre's mother is not granted, then we have another argument. He would have another claim based on the Ninth Circuit's recent opinion, Kyung-ho Shin v. Holder. In that case, that if you did not know or no knowledge of fraud or willful misrepresentation, then you should be able to avail yourself for 212-K waiver. In that case, the Ninth Circuit's hold that the misrepresentation... No, but let me just tell you where my issue is. Maybe I read Shin a little differently than you. Let's assume he can avail himself of a waiver. We don't tag him with her fraud. He stands on his own two feet. He still needs a qualifying relative. Doesn't he? No, Judge. On the 212-K waiver, you do not need any qualifying relative, Your Honor. But he's not eligible for 212, is he? He will be eligible for 212-K waiver because the 212-K waiver requires that you are in possession of an immigrant visa, whether it is valid or fraudulent. He was given a valid immigrant visa that is on administrative record, page 880. And he only requirement is that he was unaware of his ineligibility for admission at the time of entry, and he could not have discovered the ineligibility by exercise of reasonable diligence. In 1994, 9th Circuit, Seneca v. INS, however, that the mother's knowledge was imputed upon the minor. But in that case, it's distinguishable from our Petitioner's case, is that in Seneca, the Petitioner's mother was, in fact, from the beginning to the end throughout the whole proceeding, Petitioner knew and admitted that there was a problem with the Petitioner's husband's status. But here's the difficulty there, is Susan, although she kept saying it was a secret marriage on one hand, she also, through her attorney, admitted that she came in through the other. So there's not a blind eye or innocent situation with Susan like there was in Seneca. What is the difference there? I believe the difference is a state of mind, that yes, in the Susan's removal proceeding, maybe it was procedurally, since she wanted to ask for the waiver, she had to admit that there was a fraud. But in order to input that knowledge to the minor child, then we have to actually know whether there was an actual knowledge of that fraud by the minor. By her? Yes. By her? Yes, by her. Well, the I.J. kind of said, look, I kind of, I wanted to give you every chance to work this out, but you wouldn't come clean with me on what your brain said, and you admitted it over here, so how do we take that record and somehow say, well, this was just basically a trip in the park and there's no bad meaning or ideas, and she really was kind of a duped person. Yes. However, interestingly, the I.J. never found in her oral decision whether the Philippine marriage was valid or not. She kind of assumed that there was a valid marriage, but there was no actual finding as to the validity of the Philippine marriage. And also, Susan Farvey submitted a genuine record from Philippine government certifying that there was no marriage. And Judge, even though in passing mentioned about the documents, but there was no fact finding as to whether genuineness or validity of the certificates. So if the case, if we remand the case back to the BIA, then maybe an immigration judge might do the fact finding whether that document itself was a valid document or not. And if it was, then maybe genuinely she believed that there was no valid marriage. And if she did not have any prior knowledge of the prior knowledge that the marriage itself was either, Susan Farvey believed that there was no genuine marriage. So you might want to save your time, but I have just one other question. I assume at a minimum, you would want us to hold this case in abeyance until the mother's situation is clarified? Yes, Judge. Okay. Thank you, Judge. Good morning, Your Honor. Emmanuel Palau for the Respondent in this case, the Attorney  General. This case does present sympathetic facts, but I'd like to point out that the issues raised in the petition for review are pretty narrow. And I understand if the court's considering something like an abeyance or something, but as far as considering the merits of this petition for review and the issues raised below and addressed in the briefs, I don't believe respectfully the court has free-ranging. There's been a lot of extra record argument this morning. I don't think those are material to the correctness of the agency's decision here. I understand if the court wants to consider outside factors in other respects, but I'm prepared to discuss them. Let me ask you this, if I can. Assume, although we don't know whether this will happen, assume that Susan, the mother, does get adjustment of status. What then will be the consequence for Christian? My understanding, Your Honor, is that if that is the case, then he would potentially have the qualifying relative that he lacks to apply for a waiver under 237A1H, a waiver of fraud. He didn't have that before. He's never had that to date. He's never had a qualifying relative, and that's why he didn't file in—I'm sorry, that's not why he didn't file initially. But that's what he would gain if that were the case. If the mother does not get this—she has to prove adjustment of status by a valid marriage, I believe, to a U.S. citizen, and she also, I believe, is reapplying for the same fraud waiver that was denied to her in this case before the court. She's got to get both. If she doesn't, that's the end of the road, as I understand it, for Mr. Faddis, because his fate is tied to hers. Is she back in front of the same I.J.? I have no knowledge of that proceeding, Your Honor. So she has to get both? Well, let's assume she gets the coming in under the new husband. She still needs to get a fraud waiver, you're saying? That's what my—that's how I believe counsel is handling the case, and I got that from the trial, Your Honor, in the immigration court. I'm handling the appeal of this petition for review. Okay, but I'm just asking you, under immigration law, she—once she gets regularized through a new husband, she would still need a fraud waiver, or does she—isn't that an independent ground? I believe the way it works, Your Honor, is that she's seeking admissibility as a legal permanent resident through her husband. Correct. Part of that package is to show that you're not inadmissible. She's currently inadmissible because of the fraud, the initial fraud, so she needs to get a waiver of that inadmissibility, which is where the fraud waiver comes into play for a second time. As far as the two cases the court asked us to discuss, Guangli Fu, I believe counsel correctly characterized that that addresses one reason why Mr. Faddis was not—his attorney did not proceed with him as an applicant in his own right for the fraud waiver initially because the issue was did he commit any fraud himself that needed to be waived. Guangli Fu, I believe, does confirm that you needn't be charged with fraud yourself, but that doesn't get him over the—what's still missing under Guangli Fu is the qualifying relative requirements. And as far as— Now, let me ask you this. At this time, before she is adjudicated as inadmissible, is she still an LPR? I understand that if she's adjudicated not to be an LPR because of fraud, it's retroactive. But until that happens, is she a qualifying relative? I don't believe so, Your Honor. I believe she—no, her initial visa was invalidated, and that's void ab initio. I believe her current status—she has no status. She's trying to gain legal permanent resident status. That's my understanding of it. When the immigration judge in this case denied her fraud waiver, that invalidated her. That's why she's removable. That's why she's in removal proceedings because she no longer has that status that she got fraudulently when she first came in. As far as the 212K, again, hewing to the issues that are before the Court in this case, the Board has not definitively ruled one way or the other, and the IJ hasn't either, that Mr. Favis is or is not eligible for 212K relief. He's never applied for that relief below. The context of that discussion by the Board was in a motion to reconsider filed by his second attorney trying to get reopening of his case based on ineffective assistance of his first attorney. Her argument was that the first attorney should have applied for a 212K waiver on his behalf. The Board denied reopening on that basis because the motion was filed out of time. When they filed the motion to reconsider, the argument in that motion was you wrongly denied reopening. The Board said, you've shown us no error in our prior orders, so we're going to deny reconsideration. By the way, your argument about 212K does not hold water because under Seneca, Mrs. Favis's fraud would be imputed to him, and that's all that's required to knock you out of 212K eligibility. So that was the Board's way, I believe, of saying there was no prejudice even by the prior attorney's decision not to raise the 212K claim. My only point is he But in your view, he still has that as an option. I don't believe so, Your Honor, under Seneca because, first of all, I don't, there's, the immigration judge found below that Mrs. Favis misrepresented her status as unmarried. And I think, I disagree with counsel that you have to show fraud under 212K. All 212K requires is that to get that waiver, the attorney general has to be satisfied that your inadmissibility was not known and could not have been ascertained by the exercise of reasonable diligence by the immigrant before he departed, in this case, the Philippines. So you don't have to show any kind of fraudulent intent. Here, of course, Christian Favis did not commit fraud. His mother committed the call it what you like. She knew she was married secretly. She said she wasn't married at all. That's a misrepresentation. That's enough to knock you out with 212K, and that's imputed to him under Seneca. The Shin case is instructive, but it doesn't address that element of eligibility for 212K relief. It only addresses preliminary elements such as possession of a valid waiver, not otherwise admissible or whatever. So Shin and Seneca are consistent with each other. Seneca is always going to be imputable, under Seneca rather, Mrs. Favis' fraud will be imputable to her son because he was a minor following on her visa when he entered the country. So if he can't come in with her as a qualifying relative and on his own two feet he by accident kind of fell short of the 10 years of continuous presence, is there anything that can be done with respect to cancellation and removal and that gap in the 10 years? Your Honor, these are all very good questions. It's hard to answer in the abstract with just slivers of information. I mean, I would say, yes. Let's assume he has no conviction, he's of good moral character, and the only thing he's missing is 6 months or 8 months. Yes, ma'am. If that's the only shortcoming, let's see, cancellation and removal. Technically, I think he would be eligible to apply for cancellation and removal. Let's put it that way. So he's removable because of his mother's fraud and he has no status here. Would he be saying to the immigration judge, would be, if you remove me, my qualifying relatives, which in this case, as far as the record shows, is just his mother, will suffer exceptional and extremely unusual hardship, which is a very high standard, I'm sure the court realizes. Again, I don't want to go outside the record here, but to answer your question, I think he would be eligible on his face to apply. The likelihood of him being able to meet that standard at this point is unknown. I don't know, I believe he's about 26. Of course, I guess the government could get together with him and his attorney and say, what a mess this is. This poor little 5-year-old kid who definitely committed no fraud and has no crimes ought to just be admitted to America. That's not impossible, is it? I don't believe the attorney general has authority for that. To grant him legal permanent resident status outside the confines of the immigration, I mean, there is such a thing as a private bill in Congress, if your case is so, I mean, I know that happens. I'm just not aware standing here that there's any authority under the INA for the attorney general to say, I hereby grant you status. Sometimes these cases, whenever they go into mediation in our mediation system, they're black boxes to us. We end up knowing what the answer is, that is to say, satisfactorily settled and so on. But what goes on by design is shielded from us, or we are shielded from it. We do have some experience in immigration cases, in cases such as this, where the facts are very sympathetic to the individual petitioner, of sending them to mediation and somehow in the black box, things seem to be resolved. Your Honor, that's an eminently reasonable point. I would point out that this case has been in mediation already. And we agreed because of the pendency of Mrs. Favis' hearing to let it sit there for a period of time. The hearing never happened, and the case was taken out. What I would urge, Your Honor, is, and again, I realize this case has equitable factors, but our interest is in that the Court decide cases that are properly before it, as this one is based on the record. I understand your concern for Mr. Favis. There is a mechanism that's also available, which would be for this Court to decide this case on its merits, if and when it's adverse to Mr. Favis and he's removable. At that point, depending on what's happening in his mother's proceeding, he can get together with the government, that is DHS, who's prosecuting his mother's case, and say, look, I have this removal order from the Ninth Circuit. I have potential for relief, either for my mother's case or because time has elapsed for cancellation of removal. I'm asking that you defer my removal or stay my removal pending my mother's case or to allow me to get enough time. Why shouldn't we just do that? Because it could be his case would become moot. So in other words, why shouldn't we just not decide these statutory issues because he, at least as you've presented it, his fate hinges on the mom's fate and we don't know the mom's fate yet. So it seems kind of odd that we would adjudicate him over here with the mother's fate hanging in the balance. Why wouldn't we just wait and decide everything? Because he's not going to be getting a bag and baggage order anytime soon anyway. So why should we go through this decision and why shouldn't we just sort of hold it in abeyance, recognizing we might have to decide it and just have to then walk through the statutes? The Court can do whatever it likes, Your Honor. I mean, that's your call. I mean, my point is I don't think that the Court has to address any of these eligibility issues in this petition for review, because all that's before the Court is, I mean, his attorneys have not argued to this Court that he should have been allowed by the immigration judge to file a 237a1h waiver in his own name. His attorney said he's a derivative. The mother's the applicant. Whatever happens to her happens to him. And there's been no, the issue has never been raised. The issue's not before this Court of whether he is eligible to apply for a 237a1h waiver. That's not, it was never presented to the He may be the victim of what I call the good news is you have an attorney, the bad news is you have an attorney, because Although he may finally have gotten an attorney. Mike has an attorney here who obviously is well-versed in the immigration law and all the details, and it's complicated. I mean, he, Mr. Chang stands up and he can march us through all of this, but reading the prior stuff, you know, his attorneys didn't march him through all the little nuances of the immigration code. Well, I would, I would concede, Your Honor, that the representation, I don't think there's been anything ineffective here. I don't think they did the best job they could, and I think that's why some of the issues aren't, that I don't think he's been prejudiced by what's happened so far. And again, all I'm saying is the general matter is, is Well, if he hasn't been prejudiced, he's about to be, I mean, if we say petition denied, it may be that he's not out of all options, but that certainly puts one nail in the coffin. But that's prejudice, I'm sorry, Your Honor, that's prejudice caused by his mother's decision to bring him into the country under a fraudulent visa as a minor. That's not imputable to his attorneys Point taken, yes. I understand. Any other questions? Thank you. We've let you go over your time, but that's because of complicated issues. No, I understand. We appreciate it. Thank you. Thank you very much, Your Honor. You have a minute for rebuttal. Thank you very much, Judge. Quickly, I wanted to point out two points regarding the 237A1H waiver for the Susan Farbis, the cases in front of Judge. Actually, if a 237A1H is granted, then actually she would not need adjustment of states, okay, because she renewed a 237A1H waiver with the immigration judge based on newly acquired qualifying relative, which is a third husband. So if that is granted, then she will be LPR from the beginning of 1989. She doesn't need any of the fraud waiver or anything else. And we briefed the issues with the immigration judge. So right now, the case is actually scheduled for final hearing on 237A1H waiver for Susan Farbis. Somehow, if she denies, then Susan Farbis would have another option of adjustment of status through the third husband, because that is still pending. So we have a simultaneous two application in front of Judge. So if 237A1H waiver is denied, then we still have option of adjustment of status together with the 601 waiver, which waives the initial fraud. So, I mean, this case has been going on for over 12 years. And now we are almost at the end of that juncture. And the Petitioner's faith is, yes, indeed, depend on the mother's case. Thank you. We have both arguments well in mind. Thank both counsel for your arguments this morning. The case of Favis v. Holder is submitted.
judges: McKeown, W. Fletcher, Clifton, Cjj